FRANCESCHI ET AL., PETITIONERS, *v.* SEPÚLVEDA, DISTRICT JUDGE, RESPONDENT.

Petition for a Writ of Certiorari Directed to the Judge of the District Court of Ponce.

No. 234.—Decided February 28, 1919.

APPEARANCE—SUMMONS—WARRANTOR.—When an attorney appears before the court in behalf of one of the parties and moves that a third person be summoned as warrantor, such appearance is deemed general and equivalent to the personal summoning of the party so appearing. He is then subject to the jurisdiction of the court for all subsequent procedure, but not in such a retroactive manner as to validate previous void procedure.

ID.—ID.—ID.—DEFAULT.—The general appearance of a party does not prevent his moving to open a default previously entered; therefore it is premature to plead that because the time for answering the complaint had expired the defendant had lost his right to move that the warrantor be summoned.

ID.—ID.—ID.—The summoning of the warrantor with notice of the complaint is

intended to produce only the effects prescribed by the code as between the defendant and the person from whom he derived his right and does not affect the plaintiff.

The facts are stated in the opinion.

*Mr. Rafael B. Pérez Mercado* for the petitioners.

*Mr. José Tous Soto* for the respondent.

Mr. Chief Justice Hernández delivered the opinion of the court.

Carlota Franceschi Rivera and others filed a verified petition in this court for a writ of certiorari directed to the judge of the District Court of Ponce for the purpose of reviewing the proceedings in that court in a civil action brought against Carlos Toro Labarthe and the Santa Isabel Sugar Company for the annulment of a conveyance of rural property and the recovery thereof with its mesne profits.

The writ was issued and the original record was sent up to this court.

That record and the allegations of the petitioners show the following:

1. In the said action the petitioners alleged the nullity of a certain conveyance of a rural property to Tiberio Franceschi y Vega for the payment of debts in the partition of the property of the conjugal partnership composed of him and his late wife, Epifania Rivera y Torres, without first obtaining the authorization of the court, there being minors interested. The said property was sold by Tiberio Franceschi y Vega to Héctor Santí Franceschi, who sold it to defendant Carlos Toro Labarthe, who sold it to the defendant corporation, the Santa Isabel Sugar Company. The complaint concludes with a prayer that after decreeing the nullity of the conveyance to Tiberio Franceschi y Vega and of the subsequent conveyances of the property the court adjudge that the Santa Isabel Sugar Company, its present possessor, deliver the property to the plaintiffs, and that the said corporation and defendant Carlos Toro Labarthe be ordered to pay to the plaintiffs $55,650 and $15,000 respect-

ively, as the mesne profits of the property from the time of possession to the date of the filing of the complaint.

2. Defendant Carlos Toro Labarthe was summoned on June 15, 1918, and having failed to answer the complaint, the plaintiffs asked the clerk of the court, on July 9, to enter his default, which was done on the same day.

3. Two days later, or on July 11, Toro Labarthe entered his appearance in the suit and moved that, in conformity with section 1385 of the Civil Code, Héctor Santí Franceschi be summoned as warrantor to appear and answer within the time fixed by law.

4. On the following day the plaintiffs moved the court to strike out the motion for the summons because it was not made at the proper time and was contrary to section 1385 of the Civil Code.

5. On July 17 defendant Toro Labarthe opposed the motion to strike out on the ground that the time for answering the complaint had not expired, because the service of the summons on Toro Labarthe was void and therefore the twenty days allowed for answering the complaint from the date of service had not expired, alleging several reasons for the invalidity of the summons.

6. The court, by its decision of July 26, disposed of the motions as follows:

"The court holds that the service of the summons on Carlos del Toro Labarthe is void and therefore overrules the motion to strike out of July 12, 1918, sustaining, as a consequence, the motion for the summons to the warrantor made by defendant Carlos del Toro Labarthe on July 11, 1918, and it is ordered that Héctor Santí, of Juana Díaz, be summoned as warrantor, in accordance with section 1385 of the Civil Code."

On the following day the plaintiffs filed another motion for a reconsideration of the court's ruling of the day before for the purpose of determining that any defects in the service of the summons on Carlos del Toro Labarthe had been

corrected, and of overruling the motion for the summons to the warrantor because it was not made at the proper time. The motion for reconsideration was overruled without a hearing on July 30.

The hearing on the petition for the writ of certiorari was held before this court on November 25, 1918, the petitioners being represented by their attorney. None of the other interested parties appeared.

Section 98 of the Code of Civil Procedure provides that. the voluntary appearance of a defendant is equivalent to personal service of the summons and copy of the complaint upon him, and section 323 provides that a defendant appears in an action when he answers, demurs, or gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him.

Attorney José Tous Soto appeared before the Ponce court in behalf of defendant Carlos Toro Labarthe on July 11, 1918, and moved that Héctor Santí Franceschi be summoned to answer the complaint as warrantor, and that appearance was general and therefore equivalent to personal service of the summons on defendant Toro Labarthe. *Hernaiz, Targa & Co.* v. *Vivas,* 20 P. R. R. 99; *Aparicio Brothers* v. *H. C. Christianson & Co.,* 23 P. R. R. 457. From the time that defendant Toro Labarthe made his general appearance in the Ponce court he submitted himself to its jurisdiction in all later proceedings, but not retrospectively so as to validate previous void proceedings. 2 R. C. L. 332.

The general appearance of Toro Labarthe does not prevent him from moving to open the default previously entered, and therefore it is premature to hold absolutely that because the time fixed for answering the complaint has expired he has lost the right given him by section 1385 of the Civil Code to move that vendor Héctor Santí Franceschi be summoned. That summons will produce the effects prescribed by the said code between the defendant and the person

from whom he derives his right, but it does not affect the plaintiffs. We fail to see that the mere summons will prejudice the rights of the plaintiffs at this time and should this occur contrary to the law they will have an opportunity to assert their rights in the ordinary recourse of an appeal, which they may take at the proper time from the final judgment in case it should be adverse to them.

As to the overruling of the motion for reconsideration without a previous hearing, in view of the special character of the motion and the fact that its consideration lies in the discretion of the court, we do not find that the court committed any error of procedure.

In any event, in view of the circumstances of the case we do not feel disposed to review the proceedings of the lower court.

The writ issued should be discharged and the original record remanded to the District Court of Ponce for further proceedings in accordance with law.

*Writ discharged.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.